ROBERT W. REIMERS AND MARY E. REIMERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reimers v. Commissioner
Docket No. 22252-90
United States Tax Court
T.C. Memo 1992-303; 1992 Tax Ct. Memo LEXIS 324; 63 T.C.M. (CCH) 3064; May 21, 1992, Filed *324 An order will be entered granting respondent's motion to dismiss. Martin J. Crowley, for petitioners. Peggy Gartenbaum, for respondent. DAWSON, POWELL
CARLETON D. POWELL
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed. The facts are as follows. On June 27, 1990, respondent mailed a notice of deficiency by certified mail to petitioners at their last known address which determined a deficiency in, and additions to petitioners' Federal income taxes *325 as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6661(a)
1987
$ 23,910
$ 92
50% of the
$ 5,978
interest due
on $ 23,910
The petition in this case was received by the Court on October 4, 1990, and was filed on that date. The envelope in which the petition was mailed bears a private postage meter stamp showing a date of September 24, 1990, and Smithtown, New York, as the place of mailing. The envelope does not have a United States Postal Service postmark. Petitioners resided in Smithtown, New York, when the petition was mailed. Section 6213(a) provides, inter alia, that a taxpayer may file a petition with this Court for a redetermination of a deficiency "Within 90 days * * * after the notice of deficiency * * * is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day) * * *". This time period is jurisdictional, and, if a petition is not timely filed within the 90-day period, the Court must dismiss the petition for lack of jurisdiction. . The Court received the petition in this case 99 *326 days after the notice of deficiency was mailed. Petitioners contend, however, that under section 7502, timely mailing is deemed to be timely filing, and the private postage meter date stamp on the envelope is September 24, 1990, which is 89 days after the notice of deficiency was mailed. Section 7502(a)(1) does provide in certain circumstances that timely mailing is deemed to be timely filing if the envelope bears a United States postmark. However, where postmarks are not made by the United States Postal Service, the timely mailing rule shall apply "only if and to the extent provided by regulations prescribed by the Secretary". Sec. 7502(b). Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., [2] provides that if privately metered mail is received within the normal delivery period, it shall be considered timely. If the mail is not received within the normal delivery period, the taxpayer must establish, inter alia, that the delay was due in the transmission of mail and the cause of the delay. *327 Whether the mail was received within the normal mailing period is essentially a factual question, and petitioners have the burden of establishing that the 10-day period between the private postage meter date and the date the Court received the petition is the ordinary delivery time between Smithtown, New York, and Washington, D.C. , affd. per curiam . Petitioners contend that the 10-day period is normal for Smithtown, New York. The evidentiary predicate for this contention is the testimony of the attorney who mailed the petition, based on his personal experience. On the other hand, respondent's witness, who is a quality control officer for the Postal Service, testified that the Postal Service statistical surveys show that between Long Island (the postal area in which Smithtown is located) and Washington, D.C., 81 percent of mail posted on Long Island would be delivered within two days, 96 percent within three days, and 100 percent within four days. [3] We need not decide the exact number of days that is normal for mail sent from Smithtown, New York, to Washington, D.C., *328 to be delivered. We are certain that period is substantially less than the 10-day period involved in this case. Accordingly, under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioners must establish the cause for the delay in delivery. There is nothing in the record remotely suggesting a cause for the delay. In sum, petitioners have not established that the petition was timely mailed under sections 6013(a) and 7502, and the case must be dismissed for lack of jurisdiction on the ground that the petition was not timely filed. [4]
An order will be entered granting respondent's motion to dismiss. Footnotes
1. All section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This regulation has been held valid. , affd. per curiam . ↩
3. Respondent also introduced a study done by Price Waterhouse for the Postal Service that indicated that 72 percent of mail sent from Smithtown, New York, to Washington, D.C., was received within two days. ↩
4. It should be noted that the question presented here could easily have been avoided if petitioners had used a Postal Service postmark.↩